UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JUAN ARELLANO,                          §
                                        §
        *Plaintiff*,                    §
                                        §
                                        §    No. 1:25-cv-00751-DAE
vs.                                     §
                                        §
                                        §
                                        §
WARDEN, FCI BASTROP and SPC             §
BASTROP CAMP ADMINISTRATOR,             §
                                        §
        *Defendants*.                   §

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("Report") filed by Magistrate Judge Susan Hightower on February 23, 2026. (Dkt. # 10.) Petitioner Juan Arellano ("Petitioner"), who is proceeding *pro se*, has not filed objections. The Court finds this matter suitable for disposition without a hearing. After reviewing the Recommendation and the information contained in the record, the Court **ADOPTS** the Recommendation as the opinion of the Court (Dkt. # 10) and **GRANTS** Defendants' Motion to Dismiss. (Dkt. # 9.)

BACKGROUND

Petitioner Juan Arellano, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on May 13, 2025. (Dkt. # 13.) Petitioner has been in federal custody since December 17, 2018, and is currently

1

incarcerated at the Federal Correctional Institute in Bastrop, Texas.  (Dkt. # 1 at 2.) His Petition challenges the calculation of his sentence.  (Dkt. # 1.)

This case was referred to Magistrate Judge Susan Hightower pursuant to this Court's standing order for a report and recommendation on any dispositive motions.  (Dkt. # 2.)  After Judge Hightower ordered service on Defendants, the Defendants filed a Motion to Dismiss on September 26, 2025.  (Dkt. # 9.)  After reviewing the case and Defendants' Motion to Dismiss, Judge Hightower issued her Report and Recommendations, recommending the Court grant the motion to dismiss for lack of jurisdiction based on Plaintiff's failure to exhaust his administrative remedies.  (Dkt. # 10.)

The Report was mailed to Plaintiff via certified mail, and the return receipt shows that an agent at the address signed for delivery on March 2, 2026. (Dkt. # 11.)  Petitioner thereafter did not file objections within 14 days.

APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas

2

v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). Furthermore, conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's objections are based upon. See Palomo v. Collier, No. 2-23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2); Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

## DISCUSSION

After careful consideration of the filings and the record, the Court **ADOPTS** the Magistrate Judge's Recommendation as the opinion of the Court. The Court finds that Judge Hightower's analysis is reasonable and absent of clear error.

The Magistrate Judge recommends dismissal on jurisdictional grounds since Petitioner has not exhausted any of the administrative remedies available to him.  (Dkt. # 10 at 2.)  The Report notes that in order to fully exhaust his administrative remedies, a Bureau of Prisons ("BOP") prisoner "must attempt informer resolution of his complaint followed by a formal grievance to the warden of his confinement, an appeal to the BOP regional director, and an appeal to the BOP's Office of General Counsel."  (Id.) (citing 28 C.F.R. §§542.10-.19).  Petitioner argues futility of exhaustion because the time required to fully exhaust his administrative remedies would exceed the time remaining on his sentence.  (Dkt. # 1 at 8.)  However, the Report notes that this argument, alone, does not show futility, and recommends the Court find a lack of jurisdiction for Petitioner's failure to first pursue administrative review.  (Dkt. # 10 at 3.)  The Court agrees with the Magistrate Judge that Plaintiff's arguments provide no basis for jurisdiction and therefore Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) should be **GRANTED**.  (Dkt. # 9.)

Having carefully reviewed the Magistrate Judge's findings and the applicable law, the Court finds no clear error and agrees with the reasoning and recommendations set forth in the Report and Recommendation. Thus, the Court **ADOPTS** Judge Hightower's Report in full.  (Dkt. # 10.)

CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Susan Hightower's Report and Recommendation.  (Dkt. # 4.)

Defendants' Motion to Dismiss is **GRANTED**.  (Dkt. # 9.)  **IT IS ORDERED** that Petitioner's Petition for Habeas Corpus is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.  (Dkt. # 1.)

The Clerk is **DIRECTED** to **CLOSE THE CASE.**

**IT IS SO ORDERED**.

**DATED:** Austin, Texas, May 6, 2026

_____
Hon. David Alan Ezra
Senior U.S. District Judge

5